UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

OSCAR E. GUZMÁN-FERNANDEZ,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 3:15-CV-01529 (JAF)

**OPINION AND ORDER**

On May 15, 2014, petitioner Oscar E. Guzmán-Fernández ("Guzmán") was convicted, by plea of guilty, of interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) and sentenced to eighty months in prison, followed by three years of supervised release, due to his participation in a criminal conspiracy that resulted in the gunpoint robbery, on June 19, 2010, of the Kmart store at which he worked in Trujillo Alto, Puerto Rico.[1] He did not appeal the judgment of conviction. On or about April 21, 2015, Guzmán, who is still incarcerated pursuant to the judgment, timely filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255, alleging that his lawyer had provided him with ineffective assistance. (ECF No. 1.) The Government opposes the petition. (ECF No. 10.) Guzmán has replied to the Government's opposition. (ECF No. 11.)

Ineffective-assistance claims are governed by the Supreme Court's decision in *Strickland* v. *Washington*, 466 U.S. 668 (1984), under which Guzmán must prove two elements. "'First, [he] must show that counsel's performance was deficient,' which

---

[1] Guzmán was co-defendant five of eleven in the case of *United States* v. *Guzmán-Fernández*, 13-CR-00694.

requires showing that counsel's performance was not only substandard, but also 'deficient in some way sufficiently substantial to deny him effective representation.'" *Logan* v. *Gelb*, 790 F.3d 65, 71 (1st Cir. 2015) (quoting *Strickland*, 466 U.S. at 687; then quoting *Epsom* v. *Hall*, 330 F.3d 49, 53 (1st Cir. 2003)). "'Second, [he] must show that the deficient performance prejudiced the defense,' which requires proof that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 687, 694). "We are required to construe liberally a pro se [petition]," like Guzmán's, but "pro se - status does not insulate a party from complying with procedural and substantive law." *Ahmed* v. *Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

Guzmán criticizes his plea agreement for containing a "7-level increase in his Base Offense Level" based on the acts of his armed co-conspirators despite his alleged lack of "prior knowledge at any time that a firearm would be used" during the robbery. (ECF No. 1 at 5.) Guzmán argues that if his lawyer had "properly challenged" those guidelines enhancements, "the outcome of the [sentencing] would have been different." (ECF No. 1 at 6.) Crucially, Guzmán does not contest the facts underlying the enhancements. He does not deny that his co-conspirators did, in fact, brandish a firearm during the robbery, use the firearm to cause bodily injury to a victim, and physically restrain the victim. (*See* ECF No. 1 at 4-5.) Instead, he protests that he was not directly "involve[d]" in that conduct and did not have "advanced knowledge" that it was going to occur. (ECF No. 1 at 6.) Guzmán is firm in his insistence that he does not want to "challenge his conviction

[by plea of guilty] because he accepts responsibility for [his crime]." (ECF No. 1 at 5.) Instead, "he is challenging [the] sentencing enhancements." (ECF No. 1 at 6.)

"Under the sentencing guidelines, relevant conduct that may be considered for sentencing purposes includes '. . . in the case of a jointly undertaken criminal activity . . ., all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.'" *United States* v. *Rodríguez*, 731 F.3d 20, 28 (1st Cir. 2013) (quoting U.S.S.G. § 1B1.3(a)(1)). "The question is not whether [Guzmán] had actual knowledge of the gun prior to the robbery, but whether he knew of the impending robbery and whether it was reasonably foreseeable that [his co-conspirators] would possess or brandish a weapon during its commission." *United States* v. *Lasseque*, 806 F.3d 618, 624 (1st Cir. 2015) (citing U.S.S.G. § 1B1.3(a)(1)(B)). Guzmán readily admits that he was a member of the criminal conspiracy behind the robbery and that he even provided his co-conspirators with "the type of security at Kmart, the amount of money in the store and the property that should be stolen." (ECF No. 1 at 5.)

The only question, then, is whether it was reasonably foreseeable that committing the robbery would entail the use of a weapon, bodily injury, and physical restraints. *See Lasseque*, 806 F.3d at 624. "The answer is in the asking [because] 'not even the most sanguine criminal would expect clear sailing without some menace in the wind.'" *See id*. (quoting *United States* v. *Spinney*, 65 F.3d 231, 237 (1st Cir. 1995)). Moreover, the First Circuit Court of Appeals has established "that guns are often 'tools of the trade' when it comes to certain offenses," like robbery, "and that an awareness of the general plan is sufficient to infer knowledge that weapons," not to mention violence, "would be used to

carry that plan through to completion." *Id*. (citing *United States* v. *Fermin*, 771 F.3d 71, 83 (1st Cir. 2014)).

At sentencing, the record was clear that it was reasonably foreseeable that Guzmán's co-conspirators would act in the way they did during the robbery. (See ECF No. 10 at 3-5.) Thus, Guzmán's attorney was not ineffective for failing to object to the plea agreement and the court's consideration of those acts for sentencing purposes. *See United States* v. *Hart*, 933 F.2d 80, 83 (1st Cir. 1991) ("Counsel is not required to waste the court's time with futile or frivolous motions") (quoting *United States* v. *Wright*, 573 F.2d 681, 684 (1st Cir. 1978)). In fact, Guzmán has not even shown that his attorney erred. "By definition, cumulative-error analysis is inappropriate when a party complains of the cumulative effect of non-errors." *United States* v. *Laureano-Pérez*, 797 F.3d 45, 79 (1st Cir. 2015) (quoting *United States* v. *Stokes*, 124 F.3d 39, 43 (1st Cir. 1997)). Accordingly, the court also rejects Guzmán's claim of ineffective assistance by dint of cumulative error. (See ECF No. 1 at 6-7.)

The court summarily **DENIES,** without a hearing, the petition filed under ECF No. 1 because it is plain that Guzmán is not entitled to relief on the merits. Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts (2010). The petition fails to show that Guzmán's attorney erred, let alone gave ineffective assistance. "Federal habeas is not an ordinary error-correcting writ," but "an extraordinary remedy, regularly sought but less regularly granted, protecting fundamental federal rights by correcting certain important abuses which everyday legal mechanisms have failed to prevent." *Nadworny* v. *Fair*, 872 F.2d 1093, 1096 (1st Cir. 1989). This is not the rare,

"egregious case" where "counsel's inadequate performance at sentencing could work a miscarriage of justice . . . [of] constitutional dimensions." See *Sotirion* v. *United States*, 617 F.3d 27, 39 (1st Cir. 2010).  Instead, the petition simply raises a garden-variety error that turns out to be no error at all.  For decades, "floods of stale, frivolous and repetitious petitions [have] inundate[d] the docket of the lower courts," yet we continue to search for "the occasional meritorious application . . . buried in a flood of worthless ones." *Brown* v. *Allen*, 344 U.S. 443, 536-37 (1953).  This is not one of them.

When entering a final order adverse to a habeas petitioner under 28 U.S.C. § 2255, the court must determine whether the petitioner warrants a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts.  The court may issue a certificate only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also Jennings* v. *Stephens*, 135 S. Ct. 793, 802 (2015).  No such showing has been made here.  Thus, the court will not grant Guzmán a certificate.  He may still seek one directly from the First Circuit under Federal Rule of Appellate Procedure 22(b)(1).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 14th day of January, 2016.

                                                        S/José Antonio Fusté
                                                        JOSE ANTONIO FUSTE
                                                        U. S. DISTRICT JUDGE